## THE MAJESTIC.

### CORRIGAN TRANSIT CO. v. THE MAJESTIC.

(District Court, N. D. Illinois. March 16, 1896.)

MARINE INSURANCE—SUBROGATION—COLLISION—ADMIRALTY.

It is no reason for dismissing a libel for collision that some of the underwriters who underwrote the vessel in fault also underwrote the other vessel, and that the damages to the latter vessel have been paid by the underwriters, since that does not render the proceeding a suit of parties against themselves.

In Admiralty. Libel for collision by the Corrigan Transit Company against the steamer Majestic.

Schuyler & Kremer, for libelant.

Ray & Davidson, for respondent.

GROSSCUP, District Judge.    The Australasia, belonging to the libelant, came in collision with the steamer Majestic, in consequence of which they both suffered injuries.    The libel charges the Majestic with having been the cause of the collision.    Upon this, after default, a decree was taken, finding the Majestic to have been in fault, and for damages.    The underwriters of the Australasia and Majestic, respectively, were, with some exceptions, the same parties.    My recollection is that three of the parties underwriting the former did not underwrite the latter.    It appears that the damages to the Australasia have been already paid by her underwriters.    I am not advised, however, whether the damages to the Majestic have yet been paid or not.    In either instance, however, my conclusion would have been the same.    Some of the underwriters of the Majestic now move that the decree finding her in fault, and assessing the damages, be set aside, and the libel dismissed, and, in support of the motion, contend that the libelant had at the time of the decree no remaining cause of action against the Majestic, for the reason that its damages had been satisfied by the Australasia's underwriters.

It is insisted that, because some of the underwriters of the Australasia were also underwriters of the Majestic, this suit, which is beneficially for the Australasia's underwriters, becomes, in substance, a suit of parties against themselves.    I do not assent to this proposition.    In the absence of satisfaction of its damages, the right of the libelant to bring this action against the party in fault is, of course, incontrovertible.    The receipt of its damages does not affect this right, except to enable the underwriters who have paid them to intervene, for the purpose of having a share in the control of the case and the results of the judgment.    The underwriters of the Majestic have not underwritten her liability for a tort.    Their contract is to make the Majestic as good as she was before the collision.    The lien of the libelant and his interveners may, on proper process, be extended, not only to the remnant of the Majestic, but to the fund that covers her injury.    The remnant and such fund together constitute the res against which their right of lien and action may be made to run.    What effect an innocent payment to the owners of the Majestic might have upon the liability of her underwriters I am not now determining.

Now, the fact that some of the parties who are entitled to intervene, under the libelant, are at the same time liable to make good to the res, against which the lien of the court runs, what otherwise would be lost, does not prevent this action taking the same course as if the interveners and the parties liable over to the fund were, in their personality, entirely separate.    The most equitable course open for me is to give to all parties having contributed to the owners of the Australasia, on account of her damages, leave to intervene under the libel.    If any of the underwriters of the Majestic wish to contest the question of her fault

for the collision, or wish to contest the extent of the damages suffered by the Australasia therefrom, and can make a proper showing of the probable existence of either of these defenses, I will open up the decree to the extent of giving them leave to defend upon such terms relating to costs as would be equitable. I will permit the libelant, and the interveners under them also, to make the underwriters of the Majestic parties, for the purpose of ascertaining the respective amount of their liability, if there be any, on account of the injuries to the Majestic, and to require them to pay such amounts into the fund against which the lien runs. In this way, each underwriter can be compelled to pay his equitable portion of the loss on both ships, and will also receive his equitable portion, by subrogation to the rights of the owner of the vessel not in default.